IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ANTERO RESOURCES CORPORATION,
Plaintiff

v.                                                    Civil Action No. 17-cv-3088-MEH

SOUTH JERSEY RESOURCES GROUP
LLC and SOUTH JERSEY GAS COMPANY,      **JURY TRIAL DEMANDED**
Defendants

---

DEFENDANTS SOUTH JERSEY RESOURCES GROUP LLC
AND SOUTH JERSEY GAS COMPANY'S ANSWER

---

Defendants South Jersey Resources Group LLC (SJRG) and South Jersey Gas Company (SJGC) (collectively, "South Jersey") file this Answer to Antero Resources Corporation's ("Plaintiff" or "Antero") Complaint.  Except as otherwise admitted in this Answer, South Jersey denies each and every allegation in the Complaint.

## PARTIES

1.      Admitted.

2.      Admitted.

3.      Admitted.

## JURISDICTION

4.       Admitted.

5.      South Jersey denies the allegations set forth in this paragraph of the Complaint.

6.      Admitted.

7.      South Jersey admits that it negotiated and entered into long-term gas supply contracts[1] with Antero.  South Jersey admits that during contract negotiations South Jersey representatives traveled to Denver, Colorado, to meet with Antero representatives.  South Jersey denies the remaining allegations of this paragraph.

## VENUE

8.      Admitted for the purposes of this lawsuit only.

## NATURE OF THE ACTION

9.      South Jersey admits that Antero filed suit against South Jersey in March 2015.  South Jersey admits that the Court entered a Final Judgment on a unanimous jury verdict in favor of Antero on July 21, 2017.  South Jersey filed a timely Renewed Motion for Judgment as a Matter of Law under Rule 50(b) or, Alternatively, Motion for a New Trial under Rule 59.  The Court has not ruled on this motion.  South Jersey denies the remaining allegations in this paragraph of the Complaint.

10.     South Jersey admits that SJRG and SJGC each entered into long-term Contracts for the purchase of natural gas with Antero.  South Jersey denies the remaining allegations in this paragraph of the Complaint.

11.     South Jersey admits that Antero filed suit against South Jersey in March 2015.  South Jersey admits that the Court entered a Final Judgment on a unanimous jury verdict in favor of Antero on July 21, 2017.  South Jersey filed a timely Renewed Motion for Judgment as a Matter of Law under Rule 50(b) or, Alternatively, Motion for a New Trial

---

[1] South Jersey will refer to the contracts attached to the Complaint as the "Contracts."

under Rule 59. The Court has not ruled on this motion. South Jersey denies the remaining allegations in this paragraph of the Complaint.

12.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

## BACKGROUND FACTS

13.     There is no need to admit or deny Antero's headings in its Complaint. To the extent a response is required, then South Jersey admits that the parties entered into long-term gas purchase agreements. Regarding the allegations in paragraph 13, South Jersey admits that beginning in 2010, representatives from Antero and South Jersey discussed and negotiated a Contract for the long-term purchase of natural gas produced by Antero from the Marcellus Shale in West Virginia. South Jersey admits that South Jersey representatives, including Ken DePriest and Tim Hale, traveled to Denver, Colorado to meet with Antero about the proposed contract. South Jersey denies the remaining allegations set forth in this paragraph.

14.     Admitted.

15.     Admitted, except South Jersey denies that only Antero and SJRG negotiated the Contracts at issue.

16.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

17.     Admitted.

18.     South Jersey admits that Exhibits A and B appear to be the Contracts at issue in this dispute. South Jersey denies the remaining allegations set forth in this paragraph.

3

19.     There is no need to admit or deny Antero's headings in its Complaint.  To the extent a response is required, then South Jersey denies that under the Contracts, the price was always based on the Columbia Appalachia index.  The allegations in paragraph 19 are admitted.

20.     South Jersey admits that Antero and South Jersey agreed to base the price on certain index prices published by Platts.  South Jersey admits that the Transaction Confirmations at issue include the quoted language.  South Jersey denies the remaining allegations set forth in this paragraph of the Complaint.

21.     South Jersey admits that the Columbia Appalachia index was one of numerous natural gas pricing indices published by Platts and that it was widely used within the natural gas industry at the time of the execution of the Contracts.  South Jersey denies the remaining allegations set forth in this paragraph of the Complaint.

22.     There is no need to admit or deny Antero's headings in its Complaint.  To the extent a response is required, then South Jersey denies that after three years of performance, it improperly sought to re-negotiate the price term in the Contracts. Regarding the allegations in paragraph 22, South Jersey admits that, beginning in October 2011, South Jersey purchased natural gas from Antero under the Contracts. South Jersey denies the remaining allegations set forth in this paragraph.

23.     South Jersey admits that that it attempted, on several occasions during the fall of 2014, to discuss the Contracts' price terms with Antero but Antero refused to negotiate.  South Jersey denies the remaining allegations set forth in this paragraph of the Complaint.

24.     South Jersey admits that beginning in the invoice month of October 2014, South Jersey began to recalculate Antero's invoices due to the occurrence of a Market Disruption Event.  The Market Disruption Event occurred when the agreed-upon index was permanently discontinued or became unavailable or there was a material change in the formula for or the method of determining the index.  From October 2014 through December 2014, South Jersey utilized the TETCO M-2 index, which at that time, was the pricing index that most accurately represented the price of natural gas that South Jersey was purchasing from Antero.  South Jersey admits that beginning in January 2015, South Jersey applied Platts' Columbia Appalachia (Non-IPP) index to the volumes of gas sold under the Contracts.  South Jersey has remitted payment to Antero for all undisputed amounts and withheld payments for the disputed amounts since October 2014, as is South Jersey's right under the Contracts.  South Jersey denies the remaining allegations set forth in this paragraph of the Complaint.

25.     There is no need to admit or deny Antero's headings in its Complaint.  To the extent a response is required, then South Jersey denies that it is contractually obligated to pay the price based on the Columbia Appalachia index.  Regarding the allegations in paragraph 25, South Jersey is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

26.     South Jersey admits that the parties tried Antero's lawsuit to a jury in May 2017.  South Jersey denies the remaining allegations set forth in this paragraph.

27.     South Jersey admits that after a five-day jury trial, the jury returned a unanimous verdict in Antero's favor and awarded monetary damages for $60,215,413.

South Jersey admits that the jury did not find that South Jersey proved by a preponderance of the evidence its claim against Antero for breach of contract.  South Jersey admits that the Court approved the jury's verdict and entered Final Judgment on July 21, 2017.  South Jersey filed a timely Renewed Motion for Judgment as a Matter of Law under Rule 50(b) or, Alternatively, Motion for a New Trial under Rule 59.  The Court has not ruled on this motion.  South Jersey denies the remaining allegations set forth in this paragraph.

28.     There is no need to admit or deny Antero's headings in its Complaint.  To the extent a response is required, then South Jersey denies that it continues to short pay Antero.  Regarding the allegations in paragraph 28, South Jersey denies the allegations set forth in this paragraph of the Complaint.

29.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

30.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

31.     South Jersey admits that the Contracts' terms continue through October 2019.  South Jersey denies the remaining allegations set forth in this paragraph.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

32.      South Jersey repeats and incorporates by reference each of its answers in paragraphs 1 through 31 as if fully set forth herein.

33.     Admitted.

34.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

35.     South Jersey has remitted payment to Antero for all undisputed amounts and withheld payments for the disputed amounts since October 2014, as is South Jersey's right under the Contracts.  South Jersey denies the allegations set forth in this paragraph of the Complaint.

36.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

37.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT

38.      South Jersey repeats and incorporates by reference each of its answers in paragraphs 1 through 37 as if fully set forth herein.

39.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

40.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

41.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

42.     South Jersey denies the allegations set forth in this paragraph of the Complaint.

43.      South Jersey is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.  South Jersey also denies that all conditions subsequent have been performed or have occurred and/or have been waived.  The Market Disruption Event

constituted a condition subsequent that discharged South Jersey's duty to pay Antero a price calculated based on the Columbia Gas, Appalachia index.

## PRAYER

South Jersey denies that Antero is entitled to any relief from South Jersey, whether sought in the Prayer or otherwise.  Antero's Prayer should be denied in its entirety and with prejudice, and Antero should take nothing from South Jersey.

## AFFIRMATIVE DEFENSES

South Jersey asserts the following affirmative defenses ("Affirmative Defenses") without assuming any burden of proof that rightfully should be placed on Antero.

## FIRST AFFIRMATIVE DEFENSE

44.    The Complaint fails to state facts sufficient to state a cause of action and fails to state any claim against South Jersey upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

45.    At all relevant times, South Jersey acted reasonably, appropriately, in good faith, and in conformance with any and all alleged contractual obligations it may have owed to Antero.

## THIRD AFFIRMATIVE DEFENSE

46.    The Market Disruption Event constituted a condition subsequent that discharged South Jersey's duty to pay Antero a price calculated based on the Columbia Gas, Appalachia index.

## FOURTH AFFIRMATIVE DEFENSE

47.    Antero committed a prior material breach of the Contracts by failing to acknowledge a Market Disruption Event before South Jersey allegedly failed to follow

Section 14 of the Contracts.

## FIFTH AFFIRMATIVE DEFENSE

48.     Antero committed a prior material breach of the Contracts by refusing to negotiate a new price in good faith after the Market Disruption Event.

## SIXTH AFFIRMATIVE DEFENSE

49.     Antero breached its duty of good faith and fair dealing inherent in the Contracts under both New Jersey and UCC law.

## SEVENTH AFFIRMATIVE DEFENSE

50.     Antero breached the Contracts by failing to submit two price quotes pursuant to Section 14.

## EIGHTH AFFIRMATIVE DEFENSE

51.     South Jersey complied with its contractual duties and did not breach the Contracts.  Even if South Jersey did not comply with its duties under Section 14 of the Contracts, it was prevented from complying by Antero's bad faith refusal to acknowledge the occurrence of a Market Disruption Event and refusal to negotiate in good faith.

## NINTH AFFIRMATIVE DEFENSE

52.     South Jersey was not required to take the futile act of supplying price quotes under Section 14 when Antero had refused to acknowledge the applicability of Section 14.

## TENTH AFFIRMATIVE DEFENSE

53.     Any alleged breach of the Contracts by South Jersey was not a material breach.

## ELEVENTH AFFIRMATIVE DEFENSE

54.     Antero cannot rely on any prior material breach by South Jersey to excuse its duty to perform because Antero elected to treat the Contracts as continuing.

## TWELFTH AFFIRMATIVE DEFENSE

55.     Antero's claims are barred, in whole or in part, by Antero's failure to mitigate damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

56.     Plaintiff's claim for declaratory relief is barred by res judicata.

## FOURTEENTH AFFIRMATIVE DEFENSE

57.     Plaintiff's claim for declaratory relief is barred by collateral estoppel.

## RIGHT TO AMEND ANSWER

58.     South Jersey reserves the right to supplement or modify these affirmative defenses or to assert any other claims or defenses as may be available, or as may become available, during the course of these proceedings.

Dated:  February 20, 2018

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

/s/ Winstol D. Carter, Jr.
Winstol D. Carter, Jr.
David J. Levy
William R. Peterson
John M. Deck
winn.carter@morganlewis.com
david.levy@morganlewis.com
william.peterson@morganlewis.com
john.deck@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

COZEN O'CONNOR

/s/ Brad W. Breslau
Brad W. Breslau
707 17th Street, Suite 3100
Denver, CO  80202
(720) 479-3920 Telephone
(720) 479-3890 Facsimile
bbreslau@cozen.com

Ira Megdal
457 Haddonfield Road, Suite 300
Cherry Hill, NJ  08002
(858) 910-5007 Telephone
(877) 259-7984 Facsimile
imegdal@cozen.com

*Attorneys for South Jersey Resources Group LLC and South Jersey Gas Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of February, 2018 that a true and correct copy of the foregoing Defendants South Jersey Resources Group LLC'S and South Jersey Gas Company's Answer was filed via hand delivery or ECF effecting service on all counsel of record listed below.

Michael J. Gallagher
James R. Henderson
Davis Graham & Stubbs, LLP
1550 17th Street, Suite 500
Denver, CO  80202
*Attorneys for Plaintiff Antero*
*Resources Corporation*

James D. Thompson, III
Phillip B. Dye, Jr.
Kathleen B. Spangler
Nicholas N Shum
Page S. Robinson
Vinson & Elkins, LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002
*Attorneys for Plaintiff Antero*
*Resources Corporation*

/s/ Winstol D. Carter, Jr.
Winstol D. Carter, Jr.